IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| GERTRUDE PEREZ-POVEDA,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC, JOHN DOE AGENTS AND/OR EMPLOYEES OF GOOGLE LLC,<br><br>    Defendants. | Case No. _____ |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Google LLC ("Defendant") hereby gives notice of removal of this action from the Fourth Judicial Circuit Court, in and for Duval County, Florida, to the United States District Court for the Middle District of Florida.

As grounds for removal, Defendant states as follows:

### PRELIMINARY STATEMENT

On July 25, 2024, Plaintiff Gertrude Perez-Poveda filed this Complaint in the Circuit Court of the 4th Judicial Circuit in and for Duval County, Florida, against

Defendant as well as other unknown defendants.[1] The Complaint alleges that Plaintiff's Google Workspace account was disabled without explanation and that as a result she could not access her data, such as photos, contacts, and personal documents. Compl. ¶ 1-5.

Plaintiff asserts that the suspension of her account without explanation violates Florida Statute § 501.2041 (*id.* ¶¶ 43-48) and that her inability to access her data amounts to conversion (*id.* ¶¶ 32-42). Defendant is a citizen of California and Delaware, not of Florida. *Id.* ¶ 7. Federal jurisdiction over this action is proper based on complete diversity between Plaintiff and Defendant.

## VENUE AND JURISDICTION

Venue is proper in this Court pursuant to 28 U.S.C. §§ 89(b), 1391, 1441(a), and 1446(a), because the Circuit Court of the 4th Judicial Circuit in and for Duval County, Florida, where the Complaint was filed, is a state court within the Middle District of Florida. This Court has jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and Defendant; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

---

[1] A copy of the Complaint is attached as **Exhibit A**, together with a copy of all process, pleadings, and orders pursuant to 28 U.S.C. § 1446.

## BASIS FOR REMOVAL

First, there is a complete diversity of citizenship here. Plaintiff is a Florida citizen, Defendant Google LLC is not, and the "presence of John Does" or other "fictitious defendants" "d[oes] not destroy complete diversity," *Walker v. CSX Transp. Inc.*, 650 F.3d 1392, 1395 n.11 (11th Cir. 2011) (citations omitted). Plaintiff alleges that she "is an individual who has resided in Florida most of her life and currently resides in Duval County, Florida." Compl. ¶ 6. Plaintiff is, therefore, a citizen of Florida.

Google LLC is a limited liability company with its principal place of business in California. *Id.* ¶ 7.  Its sole member is XXVI Holdings Inc., which is incorporated in Delaware with its principal place of business in California.  Defendant Google LLC is thus a citizen of only California and Delaware for purposes of diversity jurisdiction. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir.2004) ("[A] limited liability company is a citizen of any state of which a member of the company is a citizen."). "John Does" or other "fictitious defendants" are "disregarded for purposes of diversity jurisdiction." *Walker*, 650 F.3d at 1395 n.11. Because Plaintiff is a citizen of Florida and Defendant Google LLC is not, complete diversity exists. *See* 28 U.S.C. §§ 1332, 1441.

Second, the amount-in-controversy requirement is met. Plaintiff seeks "monetary damages which exceed the sum of $50,000, exclusive of interest, costs

and attorneys' fees" for her conversion claim (Compl. ¶ 33) and additional "damages which exceed the sum of $50,000 exclusive of interest, costs and attorneys' fees" for Plaintiff's claim under Florida Statute § 501.2041 (*id.* ¶ 44). Additionally, Florida Statute § 501.2041 allows "[u]p to $100,000 in statutory damages *per proven claim*" as well as actual damages. Fla. Stat. § 501.2041(6) (emphasis added).[2] Thus, diversity jurisdiction's amount-in-controversy requirement is met. 28 U.S.C. § 1332(a) (requiring "the matter in controversy [to] exceed[] the sum or value of $75,000, exclusive of interest and costs").

Finally, all other procedural requirements are satisfied. The Notice of Removal is timely filed within 30 days of Defendant's receipt of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).[3] And Defendant is providing written notice of the filing of this Notice of Removal to all adverse parties and filing a copy of this Notice in the State Court. 28 U.S.C. § 1446(d).

---

[2] The Complaint asserts that Google violated Section 501.2041 in a number of ways, giving rise to multiple claims for statutory damages, each in the maximum amount of $100,000 per violation. Compl. ¶ 46 (alleging unlawful "censorship"); ¶ 47 (alleging unlawful "deplatforming"); ¶ 48 (alleging unlawful failure to provide "thorough rationale" explaining the censorship and how Google became aware of the "censored" content); prayer for relief (requesting statutory damages "for each separate violation, act, or practice of censorship or deplatforming").

[3] Service of process was completed on August 1, 2024. See Exhibit A, filing #204352335.

## NON-WAIVER OF DEFENSES

By this Notice of Removal, Defendant does not waive any defenses that may be available, nor does Defendant admit any of the allegations in Plaintiff's Complaint.

## CONCLUSION

For the foregoing reasons, removal is proper, and this Court has jurisdiction over this case. This action is removed from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, to the United States District Court for the Middle District of Florida, Jacksonville Division.

Dated:  August 30, 2024

Brian M. Willen
  (*pro hac vice* forthcoming)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Telephone: 212-999-58000
bwillen@wsgr.com

Lauren Gallo White
  (*pro hac vice* forthcoming)
**WILSON SONSINI GOODRICH & ROSATI, P.C.**
One Market Plaza
Spear Tower, Suite 3300
San Francisco, CA 94105
Telephone: 415-947-2000
lwhite@wsgr.com

*s/ Douglas L. Kilby*
Douglas L. Kilby
Florida Bar No. 73407
Hannah E. Murphy
Florida Bar No. 1032759
**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**
106 E. College Ave., Suite 700
Tallahassee, Florida 32301
Telephone: (850) 580-7200
Facsimile: (850) 329-4844
dkilby@stearnsweaver.com
hmurphy@stearnsweaver.com
boneal@stearnsweaver.com
lrussell@stearnsweaver.com

*Attorneys for Defendant, Google LLC*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 30th day of August, 2024, I electronically filed the foregoing with the Clerk of the Court and served via United States Postal Service and email to counsel of record in the state court action for plaintiff.

*s/ Douglas L. Kilby*
DOUGLAS L. KILBY
Florida Bar No. 73407