IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERTRUDE PEREZ-POVEDA,

        Plaintiff,

vs.

GOOGLE, LLC, JOHN DOE
AGENTS AND/OR EMPLOYEES
OF GOOGLE, LLC,

        Defendants.
_____/

Case No. 3:24-CV-00900

### PLAINTIFF'S MOTION IN OPPOSITION TO REMOVAL, REQUEST FOR REMAND AND MEMORANDUM OF LAW

Pursuant to 28 U.S.C. §1447, Plaintiff, GERTRUDE PEREZ-POVEDA ("Perez-Poveda"), hereby moves to remand this action to the Fourth Judicial Circuit, in and for Duval County, Florida, from which this case was improperly removed, and as grounds therefore states:

1.      On July 25, 2024, the Plaintiff filed this Complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. It was assigned case number 16-2024-CA-004091-AXXX-MA.

2.      On August 30, 2024, the Defendants filed their Notice of Removal and removed the case to Federal Court.

3.     The case should be remanded to the Florida Fourth Judicial Circuit, because the amount in controversy does not meet the jurisdictional requirements of this Court and therefore this court does not have subject matter jurisdiction.

4.     The Plaintiff has not sought more than $75,000 in damages in her Complaint. The civil cover sheet filed with the Complaint in the Fourth Judicial Circuit, in and for Duval County, Florida, indicates the amount claimed is between $50,001 and $75,000. A copy of the cover sheet is attached as Exhibit "A." The jurisdiction of Florida circuit courts is one for injunctive relief and damages in excess of $50,000.

5.     There are two counts asserted in the Complaint. Each count asks for damages in excess of $50,000 but the Plaintiff has not alleged that she is seeking, nor has she made any prayer for, damages in excess of $75,000. There is nothing that indicates that the damages sought in one of the counts is in addition to the damages sought in the other count. The different counts are alternate theories for recovery of the same damages.

6.     The Defendant's Notice of Removal wrongfully, and without any factual basis, argues that the damages sought in Count II are "additional damages," but there is nothing in the Complaint which indicates that. There is no indication anywhere in Plaintiff's court filings that suggests Plaintiff is claiming more than $75,000.

7.      In order to clarify the amount the Plaintiff is claiming in damages, the Plaintiff has filed an affidavit in this action, stating that she will neither seek, nor accept, damages in excess of $75,000, even if a verdict exceeds that amount. A copy of the Plaintiff's filed affidavit is attached as Exhibit "B."

8.      The action filed by the Plaintiff is based strictly on questions of Florida law and does not involve any issues of federal law.

9.      This Motion for Remand is timely, as it is filed within 30 days of the filing of the Notice of Removal.  28 U.S.C. §1447(c).

### MEMORANDUM OF LAW

A. **Introduction: This Lawsuit has Two Counts, Both Entirely Based on State Law.**

10.      Plaintiff's Complaint has two counts: Count I, the state common-law tort of conversion; and Count II, violation of Florida Statute §501.2041, for deplatforming and censoring the Plaintiff.

11.      The summarized factual allegations of the Complaint are that the Defendant deplatformed the Plaintiff apparently to censor her.  As of the filing of the Complaint, the Defendant repeatedly had refused to return any of the Plaintiff's property, which consisted of more than 11 years of her accumulated data, photographs, calendars, contact information, emails and other personal data. Defendant Google gave no explanation whatsoever for deplatforming Plaintiff within the seven days required by Florida statute.  Later the Defendant informed the

3

Plaintiff "her account has been permanently disabled," listing several vague and unsupported reasons that changed over time.

### B. The Amount in Controversy is Not More Than $75,000.

12.     Pursuant to 28 U.S.C. §1332(a)(1), "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between … citizens of different States….".

13.     Attached as Exhibit "B" is Plaintiff Perez-Poveda's filed affidavit which states that she will neither seek nor accept damages in excess of $75,000, even if a verdict exceeds that amount. An affidavit or stipulation may establish that the amount in controversy requirement is not met. *Moss v. Voyager Ins. Cos.,* 43 F.Supp.2d 1298, 1304 (M.D.Ala.1999). In *Moss,* the court held:

> Plaintiff, in stipulating to a damage award that will not exceed $75,000, accurately applies the rule followed in *Seroyer*, that 'only the sum actually demanded is in controversy.' … Accordingly, because Plaintiff is the master of her own claims and has stipulated that she will neither seek nor accept damages in excess of $75,000, the court finds that Plaintiff's Motion to Remand is due to be granted. *Id.*

14.     The *Moss* court relied on the fact that where stipulations and/or affidavits specifically bind a plaintiff to accept no more than the minimal amount in controversy, the affidavit controls. *Id.* at 1302-03 ("binds herself by further stipulating '[t]hat under no circumstances shall Plaintiff seek nor accept more than $75,000.00 even if the jury verdict exceeds that amount.'") *See also, Jaffe v. Olivieri,*

No. 307-CV-161-MEF, 2007 WL 1125665, at *1 (M.D. Ala. Apr. 16, 2007) ("The Court concludes that the stipulation here is sufficient to demonstrate that the amount in controversy requirement is not met in this case.").

15.     The Eleventh Circuit has held that where a plaintiff specifically claims less than the requisite jurisdictional amount in controversy, a defendant must prove to a "legal certainty" that plaintiff's claims could not yield a recovery less than the jurisdictional amount. *Burns v. Windsor Insurance. Co.,* 31 F.3d 1092, 1095 (11th Cir.1994).

16.     Defendant Google's Notice of Removal, pp. 3-4, notes that over $50,000 was indicated under both counts. However, the Complaint does not contain any indication that the total damages sought exceeds $75,000. The Plaintiff's affidavit removes any ambiguity regarding the Plaintiff's claim and establishes that the total damages being sought in both counts do not exceed $75,000.

17.     The immediate goal of the Complaint is to obtain equitable relief for the Plaintiff to regain her property.  There is a demand for damages in both counts, particularly the allowance for statutory damages under Fla. Stat. § 501.2041(6)(a) and (7).  However, it was Plaintiff's intention from the start to limit the aggregated total being claimed to $75,000 or less.  This intent was shown by the Florida state civil cover sheet, filed on July 30, 2024, on which the box under "II.  Amount of Claim" was checked for "$50,001- $75,000" (attached as Exhibit "B"), regardless

of whether such total is recovered on Count I or Count II or a combination of the two.

### C. **Diversity of Citizenship Exists as to the Known Defendant, Google.**

18.     Defendant Google is a multinational technology company incorporated in the state of Delaware, with its principal place of business in Santa Clara County, California.   Plaintiff Perez-Poveda is an individual who is a resident of Duval County, Florida.   Thus, diversity of citizenship exists as to these two parties.

19.     At least at this point, the complete identities are unknown concerning Defendants currently listed as "John Does."  They include Google employees or agents such as "Rajasekhar" and members of the group known as the "concerned team," who participated in depriving Plaintiff Perez-Poveda of her property and censoring/deplatforming her.  In its Notice of Removal, Defendant Google failed to identify any of the "John Doe" Defendants and failed to assert the states of their citizenship. Until that is known, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. §1441(b)(1). However, in order for this Court to have jurisdiction, the amount in controversy must exceed $75,000 and diversity must be established. Accordingly, the Court must remand because the jurisdictional requirement has not been met.

### D. **The Eleventh Circuit Favors Remand, and Defendant Cannot Sustain its Burden to the Contrary.**

20.     The Eleventh Circuit long ago established:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are *resolved in favor of remand.*

*Burns,* 31 F.3d at 1095 (emphasis added); *see also*, *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006) ("The rule of construing removal statutes strictly and resolving doubts in favor of remand ... is well-established."). After all, "Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim." *Burns*, 31 F.3d at 1095.

21.     Where the claim is for an indeterminate amount of damages, "the *party seeking to invoke federal jurisdiction bears the burden* of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." *Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 807 (11th Cir. 2003) (emphasis added); *Burns,* 31 F.3d at 1095 ("We believe the defendant's burden of proof must be a heavy one.").

22.     Defendant Google cannot meet its burden in this matter. The amount in controversy does not exceed $75,000.

WHEREFORE, this case should be remanded to Florida state court, together with such other and further relief as this Court deems justified.

## CERTIFICATE OF CONFERENCE WITH OPPOSING PARTY

Pursuant to Rule 3.01(g) of the Local Rules of the Middle District of Florida, the undersigned certifies that as the movant in the above-listed case, on September 24, 2024, he has conferred by telephone with the attorney for the opposing party, and the parties failed to agree on the resolution of all or part of the motion.

LIPPES MATHIAS LLP

**H. LEON HOLBROOK, III**
Florida Bar No.: 319910
hholbrook@lippes.com – Primary
abarrett@lippes.com - Secondary
**MUSA K. FARMAND**
Florida Bar No.: 510343
mfarmand@lippes.com – Primary
bwilliams@lippes.com - Secondary
10151 Deerwood Park Blvd.
Building 300, Suite 300
Jacksonville, FL 32256
(904) 660-0020 (Telephone)
(904) 660-0029 (Facsimile)
Attorneys for Plaintiff

8

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2024, I filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of such filing to the following:

> Lauren Gallo White
>  Lead Counsel
> WILSON SONSINI GOODRICH
> & ROSATI, P.C.
> One Market Plaza
> Spear Tower, Suite 3300
> San Francisco, CA 94105
> lwhite@wsgr.com
>
> Brian M. Willen
> WILSON SONSINI GOODRICH
> & ROSATI, P.C.
> 1301 Avenue of the Americas
> 40th Floor
> New York, NY 10019
> bwillen@wsgr.com
>
> Douglas L. Kilby
> STEARNS WEAVER MILLER
> WEISSLER ALHADEFF &
> SITTERSON, P.A.
> 106 E. College Ave., Suite 700
> Tallahassee, Florida 32301
> dkilby@stearnsweaver.com

**H. LEON HOLBROOK, III**