IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| GERTRUDE PEREZ-POVEDA,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC, JOHN DOE AGENTS AND/OR EMPLOYEES OF GOOGLE LLC,<br><br>    Defendants. | Case No. 3:24-cv-00900 |

## **DEFENDANT'S OPPOSITION TO MOTION TO REMAND**

## INTRODUCTION

The Court should deny Plaintiff's motion to remand because Defendant Google LLC ("Defendant") properly invoked federal diversity jurisdiction when removing the Complaint. *See* 28 U.S.C. §§ 1332, 1441. Plaintiff Gertrude Perez-Poveda ("Plaintiff") concedes that there is complete diversity of citizenship between Plaintiff and Defendant (Remand Mot. at 6 (ECF No. 9)), and does not contest that Defendant followed the proper procedure for removal (*see* Notice of Removal at 4 (ECF No. 1)). Plaintiff's only asserted ground for remand is that the amount in controversy is insufficient to establish diversity jurisdiction. Plaintiff is wrong. The

1

Complaint facially demonstrates that the amount in controversy exceeds the $75,000 required for this Court to possess diversity jurisdiction. Plaintiff's post hoc attempt to divest this Court of jurisdiction by offering to limit her request for damages is barred by binding Supreme Court and Eleventh Circuit precedents.

## BACKGROUND

On July 25, 2024, Plaintiff filed this Complaint in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, against Defendant and other unknown defendants. On August 30, 2024, Defendant timely removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) On September 26, 2024, Plaintiff moved to remand the case to the Florida Fourth Judicial Circuit, claiming that this Court lacks subject matter jurisdiction because the amount in controversy does not satisfy the jurisdictional requirements. (ECF No. 9.)

## MEMORANDUM OF LAW

I. **The Amount in Controversy Requirement Is Satisfied.**

   A. **The Amount in Controversy Exceeds $75,000 on the Face of the Complaint.**

Diversity jurisdiction is proper when the parties are fully diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The amount in controversy and other "jurisdictional facts are evaluated as they stand at the time of removal." *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014); *see also*

*Burt Co. v. Clarendon Nat'l Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010) (the Court must "measure the amount in controversy on the date on which the court's diversity jurisdiction is first invoked" via removal). When a "plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Under that standard, "removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Id.*

The amount-in-controversy requirement is satisfied and removal was proper because the Complaint on its face requests more than $75,000 in statutory damages alone. The Eleventh Circuit looks to the statutory "damages available" when assessing whether the amount in controversy for diversity jurisdiction is met. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 n.10 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Off. Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000). Here, Plaintiff seeks to recover damages under Florida Statute § 501.2041, which allows "[u]p to $100,000 in statutory damages per proven claim." Fla. Stat. §§ 501.2041(6)(a) and (7). While Google does not agree that Plaintiff's allegations should amount to multiple separate violations, the Complaint on its face is drafted to allow for the possibility of two recoveries: one for a failure to provide notice of

censorship, and one for a failure to provide notice of deplatforming. *See* Compl. ¶¶46-48 (alleging censorship, deplatforming, and that Google "censored ***and/or*** deplatformed the Plaintiff without notifying the Plaintiff within seven days" (emphasis added)). Confirming that point, Plaintiff requests "statutory damages ***for each separate*** violation, act, or practice of censorship or deplatforming, as provided by Fla. Stat. 501.2041(6)(a) and (7)," citing the provision of the statute that addresses when acts should be treated as separate violations. Compl. at 11 (Prayer for Relief) (emphasis added). Because the Complaint on its face thus seeks up to $200,000 in statutory damages, *a fortiori*, the "damages available" exceed the jurisdictional requirement of $75,000. *See Tapscott*, 77 F.3d at 1357 n.10.

The Complaint also has two counts that each expressly seek damages in excess of $50,000. Count One, Plaintiff's conversion claim, seeks "monetary damages which exceed the sum of $50,000, exclusive of interest, costs and attorneys' fees" (Compl. ¶ 33). Count Two, Plaintiff's Section 501.2041 claim, also seeks "damages which exceed the sum of $50,000 exclusive of interest, costs and attorneys' fees" (*id.* ¶ 44).[1] Facially, these two claims combine to establish an amount in controversy exceeding the minimum amount to confer jurisdiction upon this Court.

---

[1] In Count Two, Plaintiff seeks both actual damages and statutory damages. Compl. at 11 (Prayer for Relief).

4

Plaintiff's belated suggestion that these two counts are "alternate theories for recovery of the same damages," Remand Mot. at 2, misrepresents the substance of her claims and the plain language of the Complaint. To start, the statutory damages the Complaint seeks under Section 501.2041—of up to $100,000 per violation—are not available under Plaintiff's claim for conversion. Additionally, the Complaint indicates that the two counts are based on distinct theories of harm. Count I (the conversion claim) alleges that Plaintiff was harmed by Defendant's refusal "to grant Plaintiff access to her Property" and "to allow her to take possession and control of it . . . ." Compl. ¶ 39; *see also id.* ¶ 40 ("Plaintiff has suffered irreparable harm and will reasonably suffer irreparable harm in the future *due to the deprivation of her Property*.") (emphasis added). In contrast, Count II (the Section 501.2041 claim) alleges that Plaintiff was harmed because Defendant (1) "censored" her (i.e., "restricted, inhibited publication and suspended [her] right to post content or material") (*id.* ¶ 46); (2) "deplatformed" her (i.e., "deleted or banned" her from Defendant's service) (*id.* ¶ 47); and (3) failed to notify her of the reason for the censorship and/or deplatforming (*id.* ¶ 48). Because these two counts seek actual damages for different harms, they cannot be "alternate theories for recovery," as Plaintiff now suggests. Remand Mot. at 2. Thus, the Complaint on its face establishes the amount in controversy by seeking more than $50,000 in damages for each claim. In total, the Complaint shows that the amount in controversy is at least

$250,000, including up to $200,000 in statutory damages for the Section 501.2041 claim, additional actual damages on that claim, and conversion damages, which Plaintiff alleges "exceed the sum of $50,000."

### B. Plaintiff's Florida Civil Cover Sheet Is Irrelevant to the Amount in Controversy Here.

Despite the plain language of her Complaint, Plaintiff argues that the amount in controversy is not satisfied because "it was Plaintiff's intention from the start" to seek less than $75,000 in damages. In support, she states that she marked the box next to "$50,001- $75,000" as the estimated amount of the claim on her Florida state civil cover sheet. Remand Mot. at 5. First and foremost, it is not even apparent that Plaintiff in fact checked that box.[2] But even if she had, courts in this District routinely hold that a "Plaintiff's state court civil cover sheet is not evidence of the amount in controversy for purposes of determining federal jurisdiction." *Dimasi v. USAA Gen. Indem. Co.*, 2023 WL 6873351, at *2 (M.D. Fla. Oct. 18, 2023); *see also, e.g.*, *AUM Realty II FL, LLC v. Vantage Risk Specialty Ins. Co.*, 2024 WL 4045379, at *2 (M.D. Fla. July 19, 2024) ("[T]he civil cover sheet is not a verified

---

[2] Plaintiff's attached exhibit puts a line between two different boxes, and does not clearly mark either. *See* Remand Mot. Ex. A (ECF No. 9-1) at 1. By contrast, on the following pages, she clearly answered different questions with a marked "X." *See id.* at 2, 3. Notably, in section IV of the civil cover sheet, Plaintiff did not even check the box indicating she was seeking monetary relief, further demonstrating that the civil cover sheet does not reflect the relief sought in the Complaint. *Id.* at 3 (showing check mark only for "Nonmonetary declaratory or injunctive relief.").

6

pleading or material evidence on the amount in controversy."); *Physicians Imaging-Lake City, LLC v. Nationwide Gen. Ins. Co.*, 2020 WL 6273743, at *3 n.3 (M.D. Fla. Oct. 26, 2020) (the estimate of damages in the state civil cover sheet, "unaccompanied by any supporting information," is "analogous to a barebones pre-suit demand letter and thus, insufficient to demonstrate" the amount in controversy).

Tellingly, the cover sheet's directions plainly state that "[t]he amount of the claim shall **not be used for any other purpose**" than "data collection and clerical processing purposes only." Remand Mot. Ex. A (ECF 9-1) at 1 (emphasis added). And those words have been given force by the courts. "To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data." *Bell v. Ace Ins. Co. of the Midwest*, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020).

In any event, there is no occasion to look at the civil cover sheet here, because the amount in controversy is met on the face of the complaint. Under binding law, courts must "first examine[] whether it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement . . . ." *Lane v. Guar. Bank*, 2013 WL 2436240, at *2 (M.D. Fla. June 5, 2013) (quoting *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006)). Only "[i]f the jurisdictional

amount is not facially apparent from the complaint" does the court then "look to the notice of removal" and any other "evidence relevant to the amount in controversy at the time the case was removed." *Id.* (quoting *Miedema*, 450 F.3d at 1330). Decisions suggesting that the civil cover sheet may be considered alongside other information in particular circumstances, *see Martinez-Lopez v. Bowden*, 2024 WL 1252381, at *3 (M.D. Fla. Mar. 25, 2024), therefore do not apply here. Instead, and as described above, because the Complaint on its face seeks damages in excess of $75,000, under *Miedema* there is no basis to review other documents (civil cover sheet or otherwise) and diversity jurisdiction is proper.

## II.   Plaintiff Cannot Use a Post-Removal Stipulation, Affidavit, or Amendment to Defeat Diversity Jurisdiction.

As explained above, this Court has jurisdiction because, "at the time of removal," the amount-in-controversy requirement was facially satisfied by Plaintiff's Complaint. And under established law, Plaintiff "cannot retroactively change the amount in controversy after a defendant removes the case to federal court to escape diversity jurisdiction." *West v. RealReal, Inc.*, 2021 WL 10403213, at *2 (M.D. Fla. June 10, 2021). "The Supreme Court has explicitly noted that even when a plaintiff, 'after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount,' that decrease 'does not deprive the district court of jurisdiction.'" *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (quoting *St. Paul Mercury Indem. Co. v. Red Cab*

8

*Co.*, 303 U.S. 283, 292 (1938)); *accord Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287, 1291 (11th Cir. 2000) ("[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction."), *overruled in part on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007).

This black-letter rule precludes any effort by Plaintiff now to defeat removal by purporting to limit her request for damages to less than $75,000. It is "'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even [though] 'the complaint does not claim a specific amount of damages.'" *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Plaintiff cites out-of-district cases looking at post-removal stipulations in *ambiguous* cases, *see* Remand Mot. at 4-5, but those cases have no bearing here, where it is facially apparent from Plaintiff's complaint that the amount in controversy exceeds the jurisdictional minimum. Any adjustment here would *alter*, not clarify, the amount in controversy. *Contra id.* Plaintiff cannot use a post-removal stipulation, declaration, or any other filing to "reduce[] the claim below the requisite amount," where her Complaint on its face sought statutory damages of up to $100,000 per violation, as well as damages exceeding $50,000 on two distinct

9

counts. *PTA-FLA*, 844 F.3d at 1306 (quoting *St. Paul Mercury Indem. Co.*, 303 U.S. at 292).

### III. Conclusion

The requirements for diversity jurisdiction are satisfied, and Defendant properly removed this case to federal court. This Court should deny Plaintiff's motion to remand.

Respectfully submitted this 10th day of October, 2024.

| | |
|---|---|
| Lauren Gallo White<br>  (by special admission)<br>Lead Counsel<br>**WILSON SONSINI GOODRICH & ROSATI, P.C.**<br>One Market Plaza<br>Spear Tower, Suite 3300<br>San Francisco, CA 94105<br>Telephone: 415-947-2000<br>lwhite@wsgr.com<br><br>Brian M. Willen<br>  (by special admission)<br>**WILSON SONSINI GOODRICH & ROSATI, P.C.**<br>1301 Avenue of the Americas<br>40th Floor<br>New York, NY 10019<br>Telephone: 212-999-58000<br>bwillen@wsgr.com | */s/ Douglas L. Kilby*<br>Douglas L. Kilby<br>Florida Bar No. 73407<br>Hannah E. Murphy<br>Florida Bar No. 1032759<br>**STEARNS WEAVER MILLER WEISSLER ALHADEFF & SITTERSON, P.A.**<br>106 E. College Ave., Suite 700<br>Tallahassee, Florida 32301<br>Telephone: (850) 580-7200<br>Facsimile: (850) 329-4844<br>dkilby@stearnsweaver.com<br>hmurphy@stearnsweaver.com<br>boneal@stearnsweaver.com<br>lrussell@stearnsweaver.com<br><br>*Attorneys for Defendant, Google LLC* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of October, 2024, a true and correct copy of the foregoing notice was furnished to all counsel of record in CM/ECF.

*s/ Douglas L. Kilby*
Douglas L. Kilby

#13154700 v2