UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

GERTRUDE PEREZ-POVEDA,

    Plaintiff,

v().                                             Case No. 3:24-cv-900-TJC-LLL

GOOGLE, LLC, JOHN DOE AGENTS
AND/OR EMPLOYEES OF GOOGLE, LLC,

    Defendants.

## O R D E R

After using her Google account to send an email to announce an outdoor Catholic Mass near the site of an abortion clinic, plaintiff alleges that Google abruptly and permanently disabled her access to her Google account, which includes eleven years' worth of her data, contacts, photos, calendars, emails and other personal information. Efforts to resolve the issue with Google failed so plaintiff filed a two-count complaint in state court on July 25, 2024, seeking an amount in excess of $50,000 for conversion (Count I) and an amount in excess of $50,000 for violation of Florida Statute § 501.2041 (Count II), which prohibits social media platforms from censorship and deplatforming activities. In Count II, plaintiff seeks an award of actual damages and statutory damages "for each separate violation, act, or practice of censorship or deplatforming as provided by Fla. Stat. § 501.2041(6)(a) and (7)" as well as an award of attorney's fees and

costs, as also permitted by this statute.[1]  Doc. 5 at 11 (Wherefore clause) at c.

Defendant Google, LLC, removed the case to federal court on August 30, 2024 (within thirty days of its receipt of the summons and complaint) contending that the Court has diversity jurisdiction.  There is no dispute that the parties' citizenship is diverse.[2]  Plaintiff moves to remand arguing that the amount in controversy is not satisfied (Doc. 9).  Google responded in opposition (Doc. 16).  Where, as here, the plaintiff has not pled a specific amount of damages, the defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, excluding interest and costs.  Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001).[3]  In making this assessment, "the plaintiff['s] likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent

---

[1] The statute provides for up to $100,000 in statutory damages per proven claim, plus actual damages, and other possible relief, including attorney's fees and costs for certain violations.  Fla. Stat. § 501.2041(6).  It further provides that "each failure to comply . . .  shall be treated as a separate violation, act, or practice." Fla. Stat. § 501.2041(7) (emphasis added).

[2] Plaintiff is a citizen of Florida; Google, LLC is a citizen of California and Delaware.  The citizenship of John Doe defendants is not considered.  See Walker v. CSX Transp., Inc., 650 F.3d 1392, 1395, n.11 (11th Cir. 2011) (citations omitted).

[3] Plaintiff's citation to the "legal certainty" test from Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994) is misplaced. That burden applies where the complaint, on its face, seeks a sum certain that is less than the federal court jurisdictional threshold.  That is not the case with the complaint before the Court.

question is what is <u>in controversy</u> in the case, not how much the plaintiff[] [is] ultimately likely to recover." Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 751 (11th Cir. 2010) (emphasis in original) (citations omitted). Thus, "[w]hen determining whether the amount in controversy requirement has been met, district courts should only consider the amount the plaintiff has placed in controversy, not the amount the plaintiff is likely to recover." McDaniel v. Fifth Third Bank, 568 F. App'x 729, 730 (11th Cir. 2014)[4] (citing Pretka, 608 F.3d at 751).

In its notice of removal, defendant points to the combination of Count I of plaintiff's complaint which seeks in excess of $50,000, with Count II of plaintiff's complaint, where she describes multiple ways in which Google allegedly violated Florida Statute § 501.2041, including unlawful censorship (¶ 46), unlawful deplatforming (¶ 47), and unlawful failure to provide thorough rationale (¶ 48), for which she could recover up to $100,000 for each proven violation, plus actual damages, alleged to be in excess of $50,000.[5] See Fla. Stat. § 501.2041. "Statutory damages sought in the complaint are properly

---

[4] The Court does not rely on unpublished opinions as binding precedent, however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022).

[5] Though not noted by defendant in its notice of removal, Count II also seeks attorney's fees which can be recovered under Fla. Stat. § 501.2041(6)(c).

3

considered when determining the amount in controversy." E.S.Y., Inc. v. Scottsdale Ins. Co., 217 F. Supp. 3d 1356, 1361 (S.D. Fla. 2015) (citing McDaniel, 568 F. App'x at 731); see also Cohen v. Office Depot, Inc., 204 F.3d 1069, 1079 (noting that statutory attorney fees can be included in the amount in controversy); Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996) (determining amount in controversy by looking at available statutory punitive damages), abrogated on other grounds by Cohen, 204 F.3d at 1072-77.

In moving to remand, plaintiff contends that the two counts are pled in the alternative so the damages sought in each should not be combined. But nothing in the complaint suggests that. And the tort of conversion (Count I) and the statutory violations for censorship, deplatforming and failure to provide thorough rationale (Count II) are quite distinct causes of action, causing different types of harm; moreover, plaintiff's complaint seeks different damages for each of Counts I and II. The Court therefore rejects plaintiff's argument that these claims are pled in the alternative. And even if they were, the Count II statutory violations could bring recovery of amounts well in excess of the required threshold. The Court "is not bound by the plaintiff's representations regarding [her] claim" and is permitted to use "reasonable deductions, reasonable inferences" and "other reasonable extrapolations," and to draw on the Court's "judicial experience and common sense" when evaluating the amount in controversy. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1061-62

4

(11th Cir. 2010) (citations omitted).  Doing so here, the Court finds Google has demonstrated by a preponderance of the evidence that it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." Williams, 269 F.3d at 1319.

The Court therefore has no occasion to consider other evidence. However, even if it did, the result would be the same.  The September 20, 2024 affidavit plaintiff filed stating she will not seek nor accept damages in excess of $75,000 would not affect the Court's evaluation of the amount in controversy, which is determined from the vantage point of the time of removal. "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal."  PTA-FLA, Inc. v. ZTE USA, Inc., 844 F.3d 1299, 1306 (11th Cir. 2016) (citations omitted).  "The Supreme Court has explicitly noted that even when a plaintiff 'after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount,' that decrease 'does not deprive the district court of jurisdiction.'" Id. (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Pretka, 608 F.3d at 751 ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later.").[6]  As to the state court civil cover sheet (which,

---

[6] The district court opinions cited by plaintiff to the contrary (Jaffe v. Olivieri, No. 3:07-cv-161-MEF, 2007 WL 1125665 (M.D. Ala. Apr. 16, 2007) and

5

though not entirely clear, appears to state plaintiff's claim is worth between $50,001 and $75,000, see Doc. 9-1 at 1), the Court held just last year that the denominations of a claim's value on Florida civil cover sheets are not dispositive. See Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381 at *3 (M.D. Fla. Mar. 25, 2024). And, in any event, because the Court finds it is "facially apparent" from plaintiff's complaint that the amount in controversy exceeds $75,000, it has no occasion consider other evidence. See, e.g., Pretka, 608 F.3d at 754. The Court finds it has subject matter jurisdiction.

Accordingly, it is hereby

**ORDERED**:

1.  Plaintiff's motion to remand (Doc. 9) is **denied**.

2.  Before requiring the parties to file a case management report and defendant to respond to the complaint, this case seems appropriate for early settlement efforts. Accordingly, no later than **April 10, 2025**, the parties shall

---

Moss v. Voyager Ins. Co., 43 F. Supp.2d 1298 (M.D. Ala. 1999)) were both decided before the Eleventh Circuit's 2010 Pretka and 2016 PTA-FLA cases and their analysis is less persuasive now. Furthermore, in neither of those cases was the jurisdictional amount in controversy so easily determinable as is the case here, where proof of a single violation of Fla. Stat. § 501.2041 can carry an award of up to $100,000 in statutory damages (as well as actual damages, equitable relief, and attorney's fees, and damages under Count I, all of which plaintiff seeks here).

confer and propose a mediator and date for mediation.   If they cannot agree on a mediator, the Court will select one.[7]

**DONE AND ORDERED** in Jacksonville, Florida this 14th day of March, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record

---

[7] If the parties disagree that such efforts should be made at this stage, they should file the case management report no later than April 10, 2025 and Google shall file its response to the complaint by that same date.